IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

*In re C.R. Bard, Inc.*
*Pelvic System Products Liability Litigation*
*MDL No. 2187*

Civil Action No. 2:13-cv-32702

## SHORT FORM COMPLAINT

Come now the Plaintiffs named below, and for Complaint against the Defendants named below, incorporate The Master Complaint in MDL No. 2187 by reference. Plaintiffs further show the court as follows:

1. Female Plaintiff
   Kathy Jo Miller

2. Plaintiff Husband
   Donald Miller

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)
   N/A

4. State of Residence
   Illinois

5. District Court and Division in which action is to be filed upon transfer from the MDL:
   United States District Court for the Northern District of Illinois, Western Division

6. Defendants (Check Defendants against whom Complaint is made):

   | | | |
   |---|---|---|
   | X | A. | C. R. Bard, Inc. ("Bard") |
   | | B. | Sofradim Production SAS ("Sofradim") |
   | | C. | Tissue Science Laboratories Limited ("TSL") |
   | | D. | Ethicon, Inc. |

| | E. Ethicon, LLC |
|---|---|
| | F. Johnson & Johnson |
| | G. American Medical Systems, Inc. ("AMS") |
| | H. Boston Scientific Corporation |
| | I. Mentor Worldwide LLC |
| | J. Coloplast Corp. |

7. Basis of Jurisdiction

| X | Diversity of Citizenship |
|---|---|

8.
   a. Paragraphs in Master Complaint upon which venue and jurisdiction lie:
   Federal subject matter jurisdiction in the constituent actions is based upon 28 U.S.C. § 1332 (a), in that in each of the constituent actions, there is complete diversity among Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00.

   Defendants have significant contacts with the federal judicial district identified in the Short Form Complaint such that they are subject to the personal jurisdiction of the court in said district.

   A substantial part of the events and omissions giving rise to Plaintiffs' causes of action occurred in the federal judicial district identified in the Short Form Complaint. Pursuant to 28 U.S.C. § 1391 (a), venue is proper in said district.

   b. Other allegations of jurisdiction and venue
   None.

9. Defendants' products implanted in Plaintiff (Check products implanted in Plaintiff)

| X | A. The Align Urethral Support System; |
|---|---|
| | B. The Align TO Urethral Support System; |
| | C. The Avaulta Anterior BioSynthetic Support System; |
| | D. The Avaulta Posterior BioSyntehtic Support System; |
| | E. The Avaulta Plus Anterior Support System; |

| | |
|---|---|
| ☐ | F.  The Avaulta Plus Posterior Biosynthetic Support System; |
| ☐ | G.  The Avaulta Solo Anterior Synthetic Support System; |
| ☐ | H.  The Avaulta Solo Posterior Synthetic Support System; |
| ☐ | I.  The InnerLace BioUrethral Support System; |
| ☐ | J.  The Pelvicol Acellular Collagen Matrix; |
| ☐ | K.  The PelviLace BioUrethral Support System; |
| ☐ | L.  The PelviLace TO Trans-obturator BioUrethral Support System; |
| ☐ | M.  The PelviSoft Acellular Collagen BioMesh; |
| ☐ | N.  The Pelvitex Polypropylene Mesh; |
| ☐ | O.  The Uretex SUP Pubourethral Sling; |
| ☐ | P.  The Uretex TO Trans-obturator Urethral Support Sytem; |
| ☐ | Q.  The Uretex TO2 Trans-obturator Urethral Support System; and |
| ☐ | R.  The Uretex TO3 Trans-obturator Urethral Support System. |
| ☐ | S.  Other: _____ |

10. Defendants' Products about which Plaintiff is making a claim. (Check applicable products)

| | |
|---|---|
| X | A.  The Align Urethral Support System; |
| ☐ | B.  The Align TO Urethral Support System; |
| ☐ | C.  The Avaulta Anterior BioSynthetic Support System; |
| ☐ | D.  The Avaulta Posterior BioSyntehtic Support System; |
| ☐ | E.  The Avaulta Plus Anterior Support System; |
| ☐ | F.  The Avaulta Plus Posterior Biosynthetic Support System; |
| ☐ | G.  The Avaulta Solo Anterior Synthetic Support System; |
| ☐ | H.  The Avaulta Solo Posterior Synthetic Support System; |
| ☐ | I.  The InnerLace BioUrethral Support System; |
| ☐ | J.  The Pelvicol Acellular Collagen Matrix; |

|   |   |
|---|---|
| ☐ | K.  The PelviLace BioUrethral Support System; |
| ☐ | L.  The PelviLace TO Trans-obturator BioUrethral Support System; |
| ☐ | M.  The PelviSoft Acellular Collagen BioMesh; |
| ☐ | N.  The Pelvitex Polypropylene Mesh; |
| ☐ | O.  The Uretex SUP Pubourethral Sling; |
| ☐ | P.  The Uretex TO Trans-obturator Urethral Support Sytem; |
| ☐ | Q.  The Uretex TO2 Trans-obturator Urethral Support System; and |
| ☐ | R.  The Uretex TO3 Trans-obturator Urethral Support System. |
| ☐ | S.  Other: _____ |

11. Date of Implantation as to Each Product
    5/29/2008

12. Hospital(s) where Plaintiff was implanted (including City and State)
    FHN Memorial Hospital, Freeport, Illinois

13. Implanting Surgeon(s)
    Keith Martin, MD

14. Counts in the Master Complaint brought by Plaintiff(s)

|   |   |
|---|---|
| X | Count I - Negligence |
| X | Count II – Strict Liability – Design Defect |
| X | Count III – Strict Liability – Manufacturing Defect |
| X | Count IV – Strict Liability – Failure to Warn |
| X | Count V - Breach of Express Warranty |
| X | Count VI – Breach of Implied Warranty |
| X | Count VII – Loss of Consortium |
| X | Count VIII – Punitive Damages |
| X | Other Count - Count IX - Common Law Fraud: *(please state the facts supporting this Count in the space, immediately below)* |

   A. Defendants were under a duty to disclose to Plaintiff(s) and physicians the defective nature of the Pelvic Mesh Products to which they had sole access.

    B.    Defendants' concealment and omissions of material fact concerning the safety of the Products, facts that Plaintiff(s) were not otherwise aware of, were made purposefully, willfully, wantonly, and/or recklessly to mislead and cause use of the Pelvic Mesh Products.

    C.    Defendants falsely and fraudulently represented and continue to represent to the medical and healthcare community, Plaintiff(s), and the public that their Pelvic Mesh Products had been tested and were found to be safe and effective.

    D.    The representations made by Defendants were false, and Defendants knew and/or had reason to know they were false.

    E.    These representations were made by Defendants with the intent to defraud, deceive, and induce the use of the Pelvic Mesh Products, demonstrating a callous, reckless, willful, and depraved indifference to the health, safety, and welfare of Plaintiff(s).

    F.    As a proximate result of the Defendants' conduct, Plaintiff(s) have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

[X] Other Count - Count X - Constructive Fraud:
*(please state the facts supporting this Count in the space, immediately below)*

    A.    Defendants are in a unique position of knowledge regarding the safety and efficacy of the Pelvic Mesh Products, yet Defendants suppress, conceal, omit, and/or misrepresent the information.

    B.    Defendants' actions to suppress, conceal, omit, and/or misrepresent the information were done to induce use of the Pelvic Mesh Products.

    C.    As a proximate result of the Defendants' conduct, Plaintiff(s) have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

[X] Other Count - Count XI - Discovery Rule, Tolling and Fraudulent Concealment:
*(please state the facts supporting this Count in the space, immediately below)*

    A.    Defendants failed to document or follow up on the known defects in its product. This and the concealment of known defects constitute fraudulent concealment that equitably tolls the applicable statutes of limitation, which Defendants are estopped from relying on as a defense.

    B.    Defendants' acts before, during, and/or after the act causing Plaintiff's injury prevented Plaintiff from discovering the injury or cause thereof.

    C.    Defendants' conduct also amounts to a continuing tort and continues up through and including the date of filing of this Complaint.

[X] Other Count - Count XII - Negligent Misrepresentation:
*(please state the facts supporting this Count in the space, immediately below)*

    A.    Defendants failed to exercise ordinary care in their representations concerning the Pelvic Mesh Products.

    B.    Defendants breached their duty in representing that the Defendants' Pelvic Mesh Products have no serious side effects different from older generations of similar products and/or procedures.

    C.    As a proximate result of the Defendants' conduct, Plaintiff(s) have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

[X] Other Count - Count XIII - Negligent Infliction of Emotional Distress:
*(please state the facts supporting this Count in the space, immediately below)*

    A.    Defendants carelessly and negligently manufactured, designed, developed, tested, labeled, marketed and sold the Pelvic Mesh Products. Defendants carelessly and negligently concealed the harmful effects of the Pelvic Mesh Products. Defendants carelessly and negligently misrepresented the quality, safety and efficacy of the Pelvic Mesh products.

    B.    Plaintiffs were directly impacted by Defendants' carelessness and negligence.

    C.    As a proximate result of the Defendants' conduct, Plaintiff(s) have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

[X] Other Count - Count XIV - Violation of Consumer Protection Laws
*(please state the facts supporting this Count in the space, immediately below)*

    A.    Plaintiff(s) purchased and used Defendants Pelvic Mesh Products primarily for personal use and thereby suffered ascertainable losses as a result of Defendant's violations of the consumer protection laws.

    B.    Had Defendants not engaged in the deceptive conduct described herein, Plaintiff(s) would not have purchased and/or paid for Defendants' Pelvic Mesh Products, and would not have incurred related medical costs and injuries.

    C.    Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, moneys from Plaintiff(s) for the Pelvic Mesh Products that would not have been paid had the Defendants not engaged in unfair and deceptive conduct.

    D.    Defendants' actions constitute unfair, unconscionable, deceptive, and/or fraudulent acts or trade practices, in violation of certain state consumer protection statutes, e.g. Ill. Comp. Stat. Ann ch. 815, 505/1 *et seq.*

    E.    As a proximate result of the Defendants' conduct, Plaintiff(s) have been injured, sustained severe and permanent pain, suffering, disability,

      impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

[X] Other Count - Count XV - Gross Negligence:
*(please state the facts supporting this Count in the space, immediately below)*

    A.    The wrongs done by Defendants were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others.
    B.    Defendants' conduct was specifically intended to cause substantial injury; or when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.
    C.    Defendants were aware of the risk involved but proceeded with conscious indifference to the rights, safety, or welfare of others.
    D.    As a proximate result of the Defendants' conduct, Plaintiff(s) have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

[X] Other Count - Count XVI - Unjust Enrichment:
*(please state the facts supporting this Count in the space, immediately below)*

    A.    Plaintiff(s) paid for Defendants' Pelvic Mesh Product(s).
    B.    Defendants accepted payment for the Pelvic Mesh Product(s).
    C.    Plaintiff(s) have not received the safe and effective medical devices for which they paid.
    D.    It would be inequitable for Defendants to keep this money, since Plaintiff(s) did not receive safe and effective product(s), as represented by Defendants.

[X] Other Count - Count XVII - Strict Liability - Defective Product:
*(please state the facts supporting this Count in the space, immediately below)*

    A.    Defendants' Pelvic Mesh Products are inherently dangerous and defective, unfit and unsafe for their intended and reasonably foreseeable uses, and do not meet or perform to the expectations of patients and their health care providers.
    B.    As a proximate result of the Defendants' conduct, Plaintiff(s) have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

Respectfully submitted,

THE NATIONS LAW FIRM

　/s/　Howard L. Nations
Howard L. Nations
Texas State Bar No.14823000
3131 Briarpark Dr., Suite 208
Houston, Texas 77042
(713) 807-8400
(713) 807-8423 (Facsimile)

COUNSEL FOR PLAINTIFFS